J-A26038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WELLINGTON ENERGY, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CITIZENS BANK OF PENNSYLVANIA | : | No. 499 WDA 2019 |
| v. | : | |
| | : | |
| | : | |
| RAELISE OSTROWSKI | : | |

Appeal from the Judgment Entered April 5, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD 13-017836

BEFORE:  SHOGAN, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 10, 2020**

Appellant, Wellington Energy, Inc., appeals from the judgment entered on April 5, 2019.  We affirm.

The trial court ably summarized the underlying facts and procedural posture of this case:

> Raelise Ostrowski, an employee of Wellington Power Corporation,[1] forged indorsements on [264 of Appellant's] checks, enabling her to steal $[375,628.62].  Ms. Ostrowski forged the indorsements from 2008 until she was caught in 2013.  Ms. Ostrowski was Wellington Power's payroll administrator, which made her responsible for the payroll and

---

[1] Wellington Power Corporation is Appellant's parent corporation and it "oversees the administration, including the accounting and payroll functions, of" Appellant.  Appellant's Complaint, 12/11/13, at ¶¶ 8-9.

"per diem" reimbursements as [Appellant's] employees replaced between eight and ten million electrical meters in the State of California. Per diem checks, typically in the amount of $1,385 or $1,551.66, reimbursed approximately [15 or 20] employees monthly for their travel related expenses, such as mileage and housing. When Ms. Ostrowski found that an employee receiving per diem reimbursements separated from [Appellant] by way of resignation, retirement[,] or termination, she would continue to have per diem reimbursement checks issued to them.

Ms. Ostrowski then forged the indorsement signatures of the former employees on the backs of the checks and deposited them via automated teller machines into her own checking accounts with Citizens Bank and PNC Bank. For example, Zack Smith ended his employment with [Appellant] in September [] 2009, but Ms. Ostrowski continued to have monthly per diem reimbursement checks issued to Zack Smith until July [] 2013, when Citizens Bank discovered that checks she was depositing had forged signature indorsements. Ms. Ostrowski was then charged with the crime of mail fraud (18 U.S.C. § 1341), [pleaded] guilty[,] and served [24] out of a [27] month prison sentence.

In September [] 2013, [Appellant] began this civil lawsuit against Citizens Bank of Pennsylvania by writ of summons, which was followed in December by a complaint. Among other things, the complaint alleged that Citizens Bank owed [Appellant] $366,485.32 for failing to exercise ordinary care by accepting deposits into Ms. Ostrowski's account of checks made payable to other individuals that contained forged indorsements. Citizens Bank joined Ms. Ostrowski as an additional defendant, alleging she should indemnify or contribute towards any liability of Citizens Bank to [Appellant]. . . .

In December [] 2017, the Honorable [Paul F. Lutty, Jr.] granted Citizens Bank's motion for partial summary judgment by prohibiting [Appellant's] claims arising from all checks in bank statements made available to [Appellant] in July [] 2012 or earlier. Judge Lutty's ruling left intact [Appellant's] claims [related to the] forged checks deposited between August [] 2012 and July [] 2013.

The dispute over the reduced amount of $109,581.66 was assigned to [the trial court judge, the Honorable Alan Hertzberg,] for resolution by way of a jury trial. After a trial of approximately three days, Citizens Bank withdrew its claim against Ms. Ostrowski. On [Appellant's] claims against Citizens Bank, the jury returned a verdict in favor of Citizens Bank. [Specifically, the jury found that Citizens Bank did not fail to exercise ordinary care in this case. *See* Jury Verdict, 11/30/18, at 1.]

Trial Court Opinion, 6/4/19, at 1-3 (footnotes and some capitalization omitted).

Following the denial of Appellant's post-trial motion, Appellant filed a notice of appeal. Appellant raises three claims on appeal:

1) Did the [trial] court err when it applied the facially inapplicable provisions of 13 Pa.C.S.A. § 4406(f) to grant partial summary judgment and, thereby, to limit the scope of [Appellant's] claims to a one-year lookback period?

2) Did the [trial] court err in permitting [Citizens Bank] to introduce as evidence customer agreements between other banks and their customers which were irrelevant, hearsay, unauthenticated, misleading and highly prejudicial?

3) Did the [trial] court err in not granting a mistrial or providing a limiting instruction when [Citizens Bank] made references to [Appellant's] claims against [PNC Bank] in closing arguments in violation of [the trial court's] order on [Appellant's] pretrial motion *in limine*?

Appellant's Brief at 4 (some capitalization omitted).

We have reviewed the briefs of the parties, the relevant law, the certified record, the notes of testimony, and the opinions of the able trial court judges, the Honorable Paul F. Lutty, Jr. and the Honorable Alan Hertzberg. We conclude that Appellant is not entitled to relief in this case, for reasons partially

expressed in Judge Lutty's June 6, 2019 opinion[2] and fully expressed in Judge

Hertzberg's June 4, 2019 opinion. Therefore, we affirm on the basis of Judge

_____

[2] Appellant claims that, in granting Citizens Bank's motion for partial summary judgment, Judge Lutty erred by "limit[ing] the scope of [its] claims to a one-year lookback period." Appellant claims that this error caused it prejudice because, during trial, Citizens Bank defended the action by pointing out "the long duration of the fraud" and by faulting Appellant for failing to catch the fraud earlier. Appellant's Brief at 34-36. According to Appellant:

> the wrongly-limited look-back period permitted the jury to consider [Citizens Bank's] liability only for the final year – after Ms. Ostrowski's conduct had been continuing for years. In a trial without the prejudice of the one-year look-back period, the jury would consider [Citizens Bank's] conduct looking back to 2008, which would have considerably altered the jury's weighing of the claims and evidence.

*Id.* at 35-36.

If Appellant is claiming that it suffered prejudice because the summary judgment ruling limited its ability to present evidence related to events that occurred before the one-year look-back, this claim fails. To be sure, Judge Lutty's summary judgment ruling only limited Appellant's potential damages in this case – it did not limit the evidence that the parties were permitted to introduce. Indeed, at the beginning of the trial, Appellant's attorney informed the trial court:

> Yes[, Your Honor]. As [Citizens Bank's attorney] said to Your Honor, **while we are going to tell the facts going back to the beginning of the fraud**, we're only seeking damages and only mentioning specific damages for the 79 checks in the one-year look-back period consistent with Judge Lutty's order.
>
> . . .
>
> We're not going to make an argument that, gee, we're entitled to [$]400,000, but we can only get [$109,000]. We understand it's [$109,000] per Judge Lutty's Order.

Lutty's and Judge Hertzberg's thorough opinions and adopt them as our own. In any future filing with this or any other court addressing this ruling, the filing party shall attach a copy of Judge Lutty's June 6, 2019 opinion and Judge Hertzberg's June 4, 2019 opinion.

Judgment affirmed.

---

> I think both parties will be talking about the conduct over four or five years, but we will not ask for damages more than [$109,000], whatever the stipulated amount is.

N.T. Trial, 11/27/18, at 22 (emphasis added).

Further, in this case, the jury specifically found that Citizens Bank did not fail to exercise ordinary care. *See* Jury Verdict, 11/30/18, at 1. Therefore, since the summary judgment order only limited the potential damages that Appellant could receive and since the jury found that Appellant was not entitled to damages in this case, even if the summary judgment order were erroneous, Appellant did not suffer any prejudice as a result of the error and it is not entitled to relief on appeal.

If, on the other hand, Appellant claims that the summary judgment ruling caused it to suffer prejudice because the ruling caused the jury to not "weigh[] Citizens [Bank's] conduct of allowing these fraudulent ATM deposits for years against [Appellant's] conduct," this claim also fails. *See* Appellant's Reply Brief at 9-10. This claim of prejudice would only be relevant as to the amount to which Appellant's failure to exercise ordinary care contributed to its loss. Here, however, the jury simply found that Citizens Bank did not fail to exercise ordinary care. Therefore, and again, the summary judgment ruling did not prejudice Appellant.

- 5 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2020